## TURRELL *vs.* BYARD and others.

1. In setting up a defence of usury, in a suit in chancery, the defendant must, in his answer, as in a plea of usury in an action at law, set out the particular facts and circumstances of the supposed usurious agreement, that the court may see that the agreement was in violation of the statute.

2. The answer must set up the usury, specifically. The terms of the usurious agreement, and the amount of the usurious premium, must be distinctly and correctly stated.

*Mr. T. D. Hodges*, for complainant.

*Mr. G. S. Hilton*, for defendants.

THE VICE-CHANCELLOR.

The mortgage sought to be foreclosed in this suit, was made by John Byard and wife to John C. Benson, and by Benson assigned to Fausta Mora, and by Mora assigned to Turrell, the complainant. It is dated February 1st, 1871, and is for $8000. The answer is by Byard.

It appears from the evidence, that $7200 was the whole sum advanced for principal, and my opinion is, that under the pleadings and proofs, the complainant is entitled to a decree for the amount advanced, with interest and costs.

The defendant's counsel relied, at the argument, upon the defence of usury, but this defence cannot be maintained, for the reason that it is not sufficiently set up in the answer. The allegations of the answer respecting it, are as follows, viz. : " That the said bond and mortgage were executed and delivered to the said John C. Benson, for no consideration whatever from the said John C. Benson, but for the express purpose of its immediate assignment by the said John C. Benson to Fausta Mora, in complainant's said bill named, in pursuance of an arrangement, undertaking, and agreement between this defendant and the said Fausta Mora, and that the only consideration for the said bond and mortgage was paid to this defendant by the said Fausta Mora; but this defendant denies that the principal sum mentioned in the said bond or obligation, with large arrears of interest, or any interest whatsoever, is due and owing to the complainant, and affirms that a large portion of said principal sum, to wit, the sum of $800, constituted and was included in the said principal sum as a premium, and in excess of interest allowed by law, for the loan of the remainder of the said principal unto this defendant by the said Fausta Mora."

In setting up a defence of usury, in a suit in chancery, the defendant must, in his answer, as in a plea of usury in an

action at law, set out the particular facts and circumstances of the supposed usurious agreement, that the court may see that the agreement was in violation of the statute. *Taylor* v. *Morris*, 7 *C. E. Green* 612. He must, in his answer, set up the usury, specifically stating, distinctly and correctly, the terms of the usurious agreement, and the amount of the usurious premium. *Tyler on Usury* 458. In the thirty-fourth chapter of the last named work, many of the cases illustrating the strictness with which this rule is applied, are cited and compared.

There is no allegation, in the present case, of any corrupt or usurious agreement whatever. If any could be inferred, the terms of the agreement would still be wanting.

I shall advise a decree as above.